UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMANE DARNELL CARTHEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>P. SCOTT, et al.,<br><br>　　　　　Defendants. | Case No. 1:19-cv-00227-DAD-EPG (PC)<br><br>ORDER RE: PLAINTIFF'S NOTICE TO COURT FOR INQUIRY FOR ABOVE-STYLE CASE<br><br>(ECF No. 47) |

　　　　Tremane Darnell Carthen ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action.

　　　　On April 7, 2022, Plaintiff filed a "Notice to Court for Inquiry for Above-Style Case." (ECF No. 47). In the filing, Plaintiff states that he has not received any filings in this case since he received the order that was issued on January 10, 2022. Plaintiff asks for an update as to the status of his case. Plaintiff also asks that all future documents and filings be mailed to him via certified mail, with the statement "Open in the Presence of Inmate" stamped on the envelope, because there are issues with how Bureau of Prison officials handle legal mail. Finally, Plaintiff alleges that he is being retaliated against for filing this suit, and states that he is seeking compensation based on the retaliation.

　　　　As to Plaintiff's request for a status of this case, the Court notes that Defendants have waived service of process (ECF Nos. 45 & 46), and have until April 18, 2022, to file their responsive pleading(s).

　　　　As to Plaintiff's request that documents be sent via certified mail with the statement "Open in the Presence of Inmate" stamped on the envelope, it is DENIED. Plaintiff's request

appears to be based on the mistaken belief that orders and documents sent by the Court are considered legal mail. This is not so. Hayes v. Idaho Correctional Ctr., 849 F.3d 1204, 1211 (9th Cir. 2017) ("Mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail. Accordingly, the First Amendment does not prohibit opening such mail outside the recipient's presence.") (citation and internal quotation marks omitted). Moreover, Plaintiff cited to no authority suggesting that the Court should enter any such order.

Finally, the Court will not address Plaintiff's allegations that he is being retaliated against for filing this lawsuit. If Plaintiff believes that Bureau of Prison officials have violated his constitutional rights by retaliating against him, he may file a separate lawsuit against those officials. Alternatively, he may file a motion to supplement his complaint in this case, along with a proposed complaint that is complete in itself, if he believes the claims are sufficiently related.

IT IS SO ORDERED.

Dated:  **April 8, 2022**                    /s/ *Erica P. Grosjean*
                                             UNITED STATES MAGISTRATE JUDGE