UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMANE DARNELL CARTHEN,<br><br>  Plaintiff,<br><br>v.<br><br>P. SCOTT, et al.,<br><br>  Defendants. | Case No. 1:19-cv-00227-DAD-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT HIS COMPLAINT BE DENIED<br><br>(ECF No. 63)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

Tremane Carthen ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action. On June 27, 2022, Plaintiff filed a motion for leave to supplement his complaint to add an Eighth Amendment sexual assault/sexual harassment/excessive force claim, a Fourth Amendment unreasonable search and seizure claim, and a First Amendment retaliation claim based on incidents that occurred at United States Penitentiary, Lee County, in Virginia. (ECF Nos. 63 & 64). For the reasons that follow, the Court will recommend that Plaintiff's motion be denied without prejudice to Plaintiff asserting these claims in separate lawsuit(s).

**I.  BACKGROUND**

Plaintiff filed his initial complaint on February 4, 2019. (ECF No. 1). This case is currently proceeding on Plaintiff's Eighth Amendment sexual assault/harassment claims against defendants Scott, Perez, Bradley, and Lodge and on Plaintiff's Fourth Amendment unreasonable search claims against defendants Scott, Perez, Bradley, and Lodge. (ECF No.

1

39).  Plaintiff's complaint is proceeding based on allegations that Defendants engaged in offensive and inappropriate search procedures.  (ECF No. 38).

On June 27, 2022, Plaintiff filed a motion to supplement, along with a proposed complaint.  (ECF Nos. 63 & 64).  In the proposed supplemental complaint, Plaintiff attempts to add an Eighth Amendment sexual assault/sexual harassment/excessive force claim, a Fourth Amendment unreasonable search and seizure claim, and a First Amendment retaliation claim against prison officials who work at United States Penitentiary, Lee County, in Virginia.  Plaintiff generally alleges that officers used force on him and trashed his cell (including throwing away legal documents and personal property) in retaliation for filing this lawsuit, among other things.[1]

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 15(d) provides for supplemental pleadings as follows:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d).

The Ninth Circuit has provided the following guidance on ruling on motions to supplement a complaint:

> Rule 15(d) is intended to give district courts broad discretion in allowing supplemental pleadings. Fed.R.Civ.P. 15, advisory committee's note. The rule is a tool of judicial economy and convenience. Its use is therefore favored. As Judge Haynsworth observed more than two decades ago:
>
>> Rule 15(d) of the Federal Rules of Civil Procedure provides for ... supplemental pleading. It is a useful device, enabling a court to award complete relief, or more nearly complete relief, in one action, and to avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted. So useful they are and of such service in the efficient administration of justice that they ought to be allowed as of course, unless some particular

---

[1] The Court notes that Plaintiff also appears to state that he will file additional supplement(s) based on destruction of his property and being given spoiled or rotten food.  (ECF No. 63, pgs. 2-3).

2

> reason for disallowing them appears, though the court has the unquestioned right to impose terms upon their allowance when fairness appears to require them.

*New Amsterdam Casualty Co. v. Waller,* 323 F.2d 20, 28–29 (4th Cir.1963), *cert. denied,* 376 U.S. 963, 84 S.Ct. 1124, 11 L.Ed.2d 981 (1964).

. . .

> … The absence of a transactional test, which is an integral part of other Federal Rules of Civil Procedure, *see, e.g.*, Fed.R.Civ.P. 13(a), 14(a), and 20, is a strong indication that this test is not required. Further, Rule 15(d) specifically permits supplemental pleadings "setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." This textually negates the argument that a transactional test is required. While some relationship must exist between the newly alleged matters and the subject of the original action, they need not all arise out of the same transaction. Professor Moore has explained the principle succinctly:
>
>> While the matters stated in a supplemental complaint should have some relation to the claim set forth in the original pleading, the fact that the supplemental pleading technically states a new cause of action should not be a bar to its allowance, but only a factor to be considered by the court in the exercise of its discretion, along with such factors as possible prejudice or laches.
>
> 3 J. Moore, *Moore's Federal Practice* ¶ 15.16[3] (1985).
>
> . . .
>
> Lower courts have similarly stressed the trial court's discretion in deciding whether to allow a supplemental pleading, and liberally construe Rule 15(d) absent a showing of prejudice to the defendant.

Keith v. Volpe, 858 F.2d 467, 473-75 (9th Cir. 1988). See also William Inglis & Sons Baking Co. v. ITT Continental Baking Co., Inc. 668 F.2d 1014, 1057 (9th Cir. 1981) ("The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed.").

### III.     ANALYSIS

As discussed above, Federal Rule of Civil Procedure 15(d) is a tool of judicial economy and convenience, and the Court finds that these interests would not be served by allowing Plaintiff to supplement his complaint here.

First, even though the Court informed Plaintiff that his proposed complaint needed to be

3

complete in itself (ECF No. 48, p. 2), Plaintiff's proposed complaint does not include the factual allegations included in his original complaint.  Instead, it only includes the new allegations.  Thus, Plaintiff failed to comply with this Court's Local Rules.  Local Rule 220(c) ("Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading.  No pleading shall be deemed amended or supplemented until this Rule has been complied with.").

     Second, the proposed supplemental pleading concerns events and defendants that are distinct from the claim that is proceeding.  Plaintiff does attempt to connect the claims by alleging that he was retaliated against for filing this lawsuit, and there may be some connection between Plaintiff's new allegations and this action because the new defendants allegedly retaliated against Plaintiff for pursing this action.  However, the proposed complaint still asserts claims based on completely different facts against completely different defendants.  This case is proceeding on Plaintiff's Eighth Amendment sexual assault/harassment claims against defendants Scott, Perez, Bradley, and Lodge and on Plaintiff's Fourth Amendment unreasonable search claims against defendants Scott, Perez, Bradley, and Lodge.  Plaintiff's complaint is proceeding based on allegations that Defendants engaged in offensive and inappropriate search procedures.  The alleged incidents occurred in 2018 at United States Penitentiary, Atwater, in California.  In the proposed complaint, Plaintiff attempts to add an Eighth Amendment sexual assault/sexual harassment/excessive force claim, a Fourth Amendment unreasonable search and seizure claim, and a First Amendment retaliation claim.  The alleged incidents occurred in 2019 and 2020, at United States Penitentiary, Lee County, in Virginia.  Plaintiff generally alleges that officers used force on him and trashed in cell (including throwing away legal documents and personal property) in retaliation for filing this lawsuit, among other things.[2]  Thus, the claims are based on completely different facts against

---

[2] Plaintiff also includes one sentence stating that unnamed individuals at United States Penitentiary, Coleman, took all of his property.  (ECF No. 64, p. 5).  However, these individuals are not named as defendants in

4

completely different defendants, and allowing these claims to proceed in one suit would not serve judicial economy or convenience.

Finally, there would be some prejudice to defendants Scott, Perez, Bradley, and Lodge in adding the claims. The defendants in this case have been served, and have filed a motion to dismiss and a motion to stay. While the claims against these defendants may ultimately be dismissed, the claims against them are currently proceeding. However, if the Court were to allow Plaintiff to add new claims, the Court would first need to screen these claims. If the Court found that at least some of the claims should proceed past screening, the Court would need to serve the new defendants and give them time to appear, because they are not currently defendants in this action. The Court would then need to allow discovery on the new claims because they involve entirely different transactions than the claims that are currently proceeding. This would likely delay resolution of the claims that are currently proceeding.

Based on the foregoing, the Court finds that judicial economy and convenience would not be served by allowing Plaintiff to supplement his complaint. Accordingly, the Court will recommend that Plaintiff's motion be denied, without prejudice to Plaintiff asserting the proposed claims in separate lawsuit(s).[3]

## IV.   RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's motion for

---

Plaintiff's proposed supplement. Moreover, as with the other allegations in his proposed supplement, the incident occurred at a different institution.

[3] The Court notes that Plaintiff alleges that he attempted to file these new claims in Virginia, but that he has not received a response from the District Court. However, Plaintiff did file two cases in the Western District of Virginia, Case No. 7:22-cv-00201 and Case No. 7:22-cv-00202. Both cases were dismissed without prejudice on June 3, 2022. Case No. 7:22-cv-00201 was dismissed because Plaintiff failed to keep the Court advised of his current address. (Case No. 7:22-cv-00201, ECF No. 4). Additionally, Plaintiff was "advised that he may petition to reopen this case by filing a motion to reopen not later than thirty days after entry of this order. In that motion, he must provide specific reasons why he failed to keep the Clerk updated as to his address. Alternatively, he may file a new complaint in this court, subject to the applicable statute of limitations." (Id. at 1). Case No. 7:22-cv-00202 was dismissed because Plaintiff failed to submit the required financial information. (Case No. 7:22-cv-00202, ECF Nos. 3 & 4).

Additionally, Plaintiff alleges that his legal mail and legal property have been confiscated. If prison officials are interfering with Plaintiff's ability to prosecute this case, he may file a motion for an order under the All Writs Act. However, Plaintiff is no longer confined United States Penitentiary, Lee County. Moreover, it appears that, at this time, Plaintiff is able to prosecute this case. Most recently, Plaintiff filed a twenty-one-page opposition to the motion to dismiss that was filed in this case (ECF No. 62). If Plaintiff believes non-defendants have violated his civil rights by confiscating his legal mail and legal property, he may file a separate lawsuit against those individuals.

leave to supplement his complaint be DENIED.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen (14) days after service of the objections.

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **June 28, 2022**            /s/ Erica P. Grosjean
                                           UNITED STATES MAGISTRATE JUDGE