UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMANE DARNELL CARTHEN, | Case No. 1:19-cv-00227-DAD-EPG (PC) |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS |
| v. | |
| P. SCOTT, et al., | (ECF No. 58) |
| Defendants. | |

Tremane Carthen ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action. Before the Court is Defendants' motion to stay discovery, including the deadline for the parties to provide scheduling and discovery statements. (ECF No. 58).

On May 18, 2022, Defendants filed a motion to dismiss, arguing that, among other reasons, "[t]he claims must be dismissed because, under the two-step analysis set forth in *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017), this Court cannot create an individual damages remedy in this new context." (ECF No. 54, p. 1). On June 3, 2022, Defendants filed a motion to stay discovery, including the deadline for the parties to provide scheduling and discovery statements. (ECF No. 58).

District courts have broad discretion in deciding whether to stay a case. See Landis v. N. Am. Co., 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time

and effort for itself, for counsel, and for litigants."). The moving party has the burden to show that a stay is appropriate. Clinton v. Jones, 520 U.S. 681, 708 (1997). In determining whether to enter a stay, the court must consider the competing interests at stake, including (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962) (citing Landis, 299 U.S. at 254-55).

Applying the relevant factors to this case, the Court finds that Defendants' motion to stay should be granted. Plaintiff did not oppose Defendants' motion to stay. Moreover, Defendants' motion to dismiss may resolve the case in its entirety.

Based on the foregoing, the parties' and the Court's time and resources will be conserved by a stay. Additionally, the stay will not impose undue hardship or inequity to the parties at this stage in the case. Thus, the Court will stay discovery, including the deadline for the parties to provide scheduling and discovery statements. The Court will reset any necessary deadlines and lift the stay following a final ruling on the motion to dismiss, if any claim proceeds.

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion to stay discovery (ECF No. 58) is GRANTED; and
2. Discovery, including the deadline for the parties to provide scheduling and discovery statements, is STAYED. The Court will lift the stay and reset the relevant deadline(s), if necessary, after the District Judge issues an order on Defendants' pending motion to dismiss (ECF No. 54).

IT IS SO ORDERED.

Dated:   **July 12, 2022**                    /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE