1
2
3
4
5
6
7                     UNITED STATES DISTRICT COURT
8                     EASTERN DISTRICT OF CALIFORNIA
9

| | |
|---|---|
| TREMANE DARNELL CARTHEN,<br><br>                          Plaintiff,<br><br>     v.<br><br>P. SCOTT, et al.,<br><br>                          Defendants. | Case No. 1:19-cv-00227-DAD-EPG (PC)<br><br>ORDER RE: PLAINTIFF'S OPPOSITION AND MOTION TO STRIKE DEFENDANTS' MOTION TO STAY DISCOVERY<br><br>(ECF Nos. 71 & 73) |

    Tremane Carthen ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action. Before the Court is Plaintiff's motion to strike Defendants' motion to stay discovery and Plaintiff's opposition to Defendants' motion to stay discovery.

    On May 18, 2022, Defendants filed a motion to dismiss. (ECF No. 54). On June 3, 2022, Defendants filed a motion to stay discovery, including the deadline for the parties to provide scheduling and discovery statements. (ECF No. 58). On July 12, 2022, the Court granted Defendants' motion to stay discovery. (ECF No. 69). On July 22, 2022, Plaintiff filed a motion to strike Defendants' motion to stay discovery, an opposition to Defendants' motion to stay discovery, and a scheduling and discovery statement (which lists at least some of the discovery he wants to take). (ECF Nos. 71, 72, & 73). Based on the certificates of service attached to these documents, they were served on July 14, 2022.

    Pursuant to Local Rule 230(l), Plaintiff had twenty-one days from June 3, 2022, to file his

1  opposition.  Here, even assuming the documents were filed on July 14, 2022, Plaintiff did not

2  timely file his opposition or motion to strike.  And, "[f]ailure of the responding party to file an

3  opposition or to file a statement of no opposition may be deemed a waiver of any opposition to

4  the granting of the motion and may result in the imposition of sanctions."  (Id.).  Thus, the Court

5  need not consider these filings.  But even had Plaintiff timely filed them, it would not change the

6  Court's analysis.

7      In the motion to strike, Plaintiff argues that Defendants' motion to stay is frivolous, that the

8  Court lacks subject matter jurisdiction, and that he will need discovery in order to prepare for a

9  pretrial conference and/or trial.[1]  In his opposition to the motion to stay, Plaintiff argues that

10 Defendants are delaying pretrial matters and the issuance of the scheduling order.

11     None of these arguments are persuasive.  Defendants' motion to stay is not frivolous.  As

12 the Court found, Defendants' motion to stay could resolve the case in its entirety, and a stay

13 would thus conserve the parties' and the Court's time and resources.  (ECF No. 69).  While this

14 will delay resolution of other matters in the case, nothing in Plaintiff's filings suggest that this

15 delay will impose an undue hardship on him.[2]  As to Plaintiff's argument that the Court lacks

16 subject matter jurisdiction over the motion, Plaintiff provides no legal authority to support this

17 argument.

18     Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to strike Defendants'

19 motion to stay discovery is DENIED and that discovery remains stayed.

20 \\\

21 \\\

22 \\\

---

[1] In his motion to strike, in the alternative, Plaintiff asks the Court to file his second opposition to Defendants' motion to dismiss as his reply to Defendants' reply.  (ECF No. 71, p. 1).  The Court notes that Plaintiff's second opposition has already been filed.  (ECF No. 70).  Plaintiff provides no argument as to why the Court should treat his second opposition as a sur-reply.  He also does not provide any argument as to why he should be given the opportunity to file a sur-reply.  However, at this time, Defendants have not objected to the filing.  Accordingly, at this time the Court will not make a determination regarding whether it will consider Plaintiff's second opposition to Defendants' motion to dismiss.

[2] The Court notes that if Defendants' motion to dismiss is denied, the stay on discovery will be lifted and Plaintiff will be allowed to take discovery.

The Court will lift the stay and reset the relevant deadline(s), if necessary, after the District Judge issues an order on Defendants' pending motion to dismiss (ECF No. 54).

IT IS SO ORDERED.

Dated: **July 25, 2022**                    /s/ Erica P. Grosjean
                                                                  UNITED STATES MAGISTRATE JUDGE