UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMANE DARNELL CARTHEN,<br><br>Plaintiff,<br><br>v.<br><br>P. SCOTT, et al.,<br><br>Defendants. | No. 1:19-cv-00227-DAD-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION TO REOPEN THIS CASE<br><br>(Doc. No. 94) |

Plaintiff Tremane Darnell Carthen is a federal prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636 (b)(1)(B) and Local Rule 302.

On January 30, 2023, the assigned magistrate judge issued findings and recommendations recommending that defendants' motion to dismiss plaintiff's first amended complaint (Doc. No. 54) be granted and that this action be dismissed due to plaintiff's failure to state a cognizable claim under *Bivens*. (Doc. No. 82.) Those findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within twenty-one (21) days after service. (*Id*.) On February 15, 2023, plaintiff filed objections to the findings and recommendations or, in the alternative, a request for additional time to file adequate objections due to his pending transfer to another facility and his purported lack of access to his legal

1

1     materials. (Doc. No. 83.) On February 16, 2023, the magistrate judge granted plaintiff thirty
2     additional days to file his objections and served this order on the parties. (Doc. No. 84) On April
3     11, 2023, plaintiff filed a motion seeking another extension of time to supplement his objections
4     and requested that a copy of the magistrate judge's findings and recommendations be mailed to
5     him. (Doc. No. 85.) On April 12, 2023, the magistrate judge noted that plaintiff's second
6     motion for an extension time to file objections was not timely filed and that he had already
7     received over two additional months to prepare and file his objections to the findings and
8     recommendations, but nonetheless granted him one final extension of thirty days in which to do
9     so and directed the Clerk of Court to mail him a copy of the findings and recommendations.
10    (Doc. No. 86.) Despite the granting of this additional extension of time, plaintiff did not file
11    additional objections.
12           On April 3, 2024, this case was reassigned to the undersigned. (Doc. No. 89.) On April 4,
13    2024, the undersigned adopted the pending findings and recommendations in full, granted the
14    defendants' motion to dismiss, and closed this case. (Doc. No. 90.) The court considered
15    plaintiff's February 15, 2023 objections, but ultimately found that plaintiff's arguments were
16    already thoroughly and appropriately addressed by the magistrate judge's findings and
17    recommendations. (*Id.* at 2.)
18           On July 8, 2024, plaintiff filed a motion to reopen this case. (Doc. No. 92.) On July 19,
19    2024, the court denied this request, noting that plaintiff had not presented any basis upon which
20    the court should grant his motion to reopen. (Doc. No. 93.)
21           On August 6, 2024, plaintiff filed a second motion to reopen this case "due to the fact that
22    this case has been closed without reasons of why." (Doc. No. 94 at 1.) Plaintiff subsequently
23    filed a notice of appeal, which was processed to the Ninth Circuit. (Doc. Nos. 95, 96, 97.)
24    Plaintiff's appeal is currently pending before the Ninth Circuit, with his opening brief due on
25    December 23, 2024. (Doc. No. 99 at 1.)
26           "[A] federal district court and a federal court of appeals should not attempt to assert
27    jurisdiction over a case simultaneously." *Griggs v. Provident Consumer Discount Co.*, 459 U.S.
28    56, 58 (1982). "The filing of a notice of appeal is an event of jurisdictional significance—it

confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Id; see also Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) ("Once a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed."). The purpose of this rule is "to promote judicial economy and avoid the confusion that would ensue from having the same issues before two courts simultaneously." *Nat. Res. Def. Council, Inc.*, 242 F.3d at 1166.

Here, the court granted defendants' motion to dismiss plaintiff's first amended complaint in full and denied plaintiff's first motion to reopen this case, and plaintiff subsequently filed a notice of appeal regarding both actions. (Doc. Nos. 90, 93, 96.) The court will thus deny plaintiff's second motion to reopen this case, as additional proceedings in this case could result in inconsistent results given plaintiff's pending appeal. *See Birru v. Barr*, No. 2:20-cv-00890-TLN-DB, 2020 WL 2395078, at *4 (E.D. Cal. May 12, 2020) (denying the petitioner's "second, duplicative" petition for release where the petitioner's appeal was "currently pending before the Ninth Circuit").[1]

Accordingly, plaintiff's second motion to reopen this case (Doc. No. 94) is denied and this case remains closed.

IT IS SO ORDERED.

Dated: **November 25, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

---

[1] The court also notes that in his latest motion plaintiff has again failed to present any basis upon which his motion to reopen should be granted.

3