UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMANE DARNELL CARTHEN,<br><br>   Plaintiff,<br><br>   v.<br><br>P. SCOTT, et al.,<br><br>   Defendants. | No.  1:19-cv-00227-DAD-EPG (PC)<br><br>ORDER REOPENING TIME TO APPEAL PURSUANT TO FEDERAL RULE OF APPELLATE PROCEDURE 4(a)(6)<br><br>(Doc. No. 92) |

Plaintiff Tremane Darnell Carthen is a federal prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 4, 2024, the court adopted the assigned magistrate judge's findings and recommendations, granted defendants' motion to dismiss (Doc. No. 54), and dismissed this action.  (Doc. No. 90.)  On July 8, 2024, plaintiff filed a motion to reopen this action or have the time period for him to file a notice of appeal extended on the basis that he had been transferred to another correctional institution and had not received notice of the dismissal of his civil suit.  (Doc. No. 92.)  On July 19, 2024, the court denied that motion, finding after careful consideration of plaintiff's motion that because the case was "dismissed not on procedural grounds, but due to the substantive analysis of the magistrate judge," plaintiff had not shown good cause to reopen

1

the case. (Doc. No. 93.) On August 26, 2024, plaintiff filed a notice of appeal to the Ninth Circuit Court of Appeals. (Doc. No. 96.) On May 28, 2025, the Ninth Circuit found that plaintiff's appeal was untimely with respect to the April 4, 2024 judgment but was filed within 60 days of the court's order denying plaintiff's motion to reopen this action.[1] (Doc. No. 102.) The Ninth Circuit construed plaintiff's motion "as a motion to reopen the time to appeal under Federal Rule of Appellate Procedure 4(a)(6)." (*Id.* at 2.) Accordingly, the Ninth Circuit remanded this action to this court "to rule on the portion of the July 8, 2024 motion seeking to reopen the time to appeal from the April 4, 2024 judgment under Federal Rule of Appellate Procedure 4(a)(6)." (*Id.*)

On August 25, 2025, the court directed defendants to file their opposition, if any, to plaintiff's motion to re-open the time to file an appeal by no later than September 8, 2025. (Doc. No. 103.) On September 4, 2025, defendants filed their opposition brief. (Doc. No. 105.)

Federal Rule of Appellate Procedure 4(a)(6) permits a district court to reopen the time to file an appeal for a period of fourteen (14) days after the date of entry of an order to reopen if: "(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry; (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and (C) the court finds that no party would be prejudiced." Fed. R. App. P. 4(a)(6).

"The decision to reopen pursuant to Rule 4(a)(6) is discretionary with the court even if all of the preconditions listed in the rule are satisfied. However, in exercising that discretion, the court may not consider the underlying merits of the appeal." *Clarke v. Scribner*, No. 05-cv-00702-OWW, 2009 WL 5095181, at *1 (E.D. Cal. Dec. 17, 2009). Here, plaintiff stated in his motion to reopen that he had not received notice via mail regarding the dismissal of his case. (Doc. No. 92.) Defendants argue in their opposition that plaintiff has simply asserted that he

---

[1] Though the Ninth Circuit filed this opinion on May 28, 2025, it was not entered on the docket of this action until August 20, 2025. (Doc. No. 102.)

2

1  failed to receive notice, however a review of the docket shows that mail service of the order
2  dismissing this action was returned to the court marked as undeliverable on April 16, 2024.  (Doc.
3  Nos. 91, 105 at 3); *see also Gutierrez v. Hill*, No. 22-cv-01413-JO-LR, 2024 WL 1546922, at *1
4  (S.D. Cal. Apr. 9, 2024) (finding that the petitioner had shown he had not received notice of an
5  order where the mail log showed that the prison's mail room had not received the order); *Nunley*
6  *v. City of Los Angeles*, 52 F.3d 792, 795–96 (9th Cir. 1995) (discussing the weak presumption of
7  receipt that Rule 4(a)(6) creates and observing that a returned envelope is evidence of non-
8  receipt); *cf. Van Hook v. Idaho*, No. 1:21-cv-00199-BLW, 2022 WL 4130922, at *2 (D. Idaho
9  Sept. 12, 2022) (finding that the plaintiff did not show that he failed to receive notice where the
10 docket reflected that the mail service of an order was successful).  Accordingly, and in light of the
11 docket entry reflecting that the order dismissing this action was returned to the court marked as
12 undeliverable on April 16, 2024, the court finds that plaintiff has demonstrated that he did not
13 receive notice of the court's order and has satisfied the first prong of Rule 4(a)(6).
14        As to the second and third elements, plaintiff filed his motion to reopen on July 8, 2024,
15 95 days after the entry of judgment in this matter and within the requisite 180-day period.  (*Id.*)
16 Defendants have made no argument regarding prejudice created by re-opening plaintiff's time to
17 appeal, and the only apparent impact of doing so—the cost of having to oppose the appeal—is not
18 sufficient to show prejudice under Rule 4(a)(6).  *See Van Hook*, 2022 WL 4130922, at *1 (finding
19 no prejudice where the only harm would be the costs associated with appeal) (citing Fed. R. App.
20 P 4(a)(6) advisory committee's note to 1991 Amendment); *see also Gutierrez*, 2024 WL
21 1546922, at *1 (finding no prejudice where there was no evidence that the appellee had relied on
22 the closure of the case).  Accordingly, the court finds that the second and third elements of Rule
23 4(a)(6) are also satisfied in this case.
24 /////
25 /////
26 /////
27 /////
28 /////

For the reasons above, the court GRANTS plaintiff's motion to re-open the time to appeal. Plaintiff shall have fourteen (14) days following the entry of this order to file his notice of appeal with the Ninth Circuit.

IT IS SO ORDERED.

Dated:  **November 4, 2025**

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

4